UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID WALDRIFF,                                    **REPORT AND RECOMMENDATION**

                        Petitioner,        08-CV-00206(A)(M)

v.

JOHN SAXTON,

                        Respondent.
_____

       Hon. Richard J. Arcara referred the matter to me pursuant to 28 U.S.C.

§ 636(b)(1), for all proceedings necessary to determine the factual and legal issues presented

and for preparation of a Report and Recommendation [7].[1]   Pending before me is petitioner

David Waldriff's petition under 28 U.S.C. § 2254 for a writ of habeas corpus [1].  For the

following reasons, I recommend that the petition be denied.


                        **BACKGROUND**

       Following a jury trial before Hon. Peter L. Broderick, Sr., on August 11, 2006

petitioner was convicted in Niagara County Court of insurance fraud in the fourth degree (Penal

Law § 176.15) and attempted grand larceny in the fourth degree (Penal Law §§ 110.00,

155.30(1)) (R729).[2]  The following is a summary of the evidence presented at trial.

       Robert Gualano reported to his insurer, Erie Insurance Group ("Erie Insurance"),

that on January 29, 2005, while driving his vehicle, a 1994 Dodge Caravan, he slid and struck

---

[1]      Bracketed references are to the CM/ECF docket entries.

[2]      "R" refers to the Record on Appeal.

two parked vehicles, a 1998 Chevy Lumina and a 1997 Plymouth Voyager owned by petitioner

and parked at his dealership, Best Buy Auto Sales, in Lockport, New York (R371, 419).  Daniel

Stinis, a material damage appraiser for Erie Insurance, inspected  petitioner's  vehicles on

February 4, 2005 and determined that the damage to the vehicles appeared inconsistent with the

loss claim (id., pp. 199-204, 257).  James Buchholz, an investigator with the National Insurance

Crime Bureau, reached the same conclusion (id., pp. 334-344).

   In March 2005, Michael Piontkowski, an investigator with Erie Insurance, took a

recorded statement from petitioner in which petitioner stated that the damage estimates he

presented from Schmidt's Auto Body were a reflection of the damage arising from the collision

with Mr. Gualano's vehicle (id., pp. 369-375, 378).  He also stated that the Voyager had no prior

damage and that the Lumina  had no prior damage other than a "couple of small door dings . . . .

small, very small marks" (id., p. 377).  The estimate from Schmidt's Auto Body reflected that the

Voyager required $2,998.04 in repairs, including  a font bumper, fender, front lamps, and front

door (id., pp. 381-382).  The estimate for the Lumina reflected that $3,072.17 in repairs were

required (id., p. 382).

   Mr. Gualano testified he worked as an "A tech" at automobile collision shops for

twenty-seven years, performing "[f]rame straightening, painting and auto body" (id., pp. 417-

418).  He did not have collision coverage on his vehicle, but following the accident petitioner

brought him a bumper and fender to repair his vehicle (id., p. 430).  After questions arose about

the damage on petitioner's vehicles, petitioner advised Mr. Gualano that he "did extra damage"

to the vehicles because "there wasn't enough damage on there for [him] to get [his] cars fixed the

right way" (id., p. 433).  He also told Mr. Gualano to keep his mouth shut and that he would get

him a lawyer, if he needed one (id.).  Mr. Gualano was also charged in connection with this

incident, and pled guilty (id., pp. 493-494).

On direct appeal petitioner argued that (1) the court erroneously instructed the jury

that they could not find him guilty of one count and not guilty of the other count, (2) the

testimony of Mr. Gualano was not corroborated, and (3) the evidence was legally insufficient and

the verdict was against the weight of the evidence. Petitioner's conviction was affirmed by the

Appellate Division, Fourth Department.  *See* People v. Waldriff, 46 A.D.3d 1448 (4th Dep't

2007), lv. denied, 9 N.Y.3d 1040 (2008).  Other than petitioner's weight of the evidence

argument, the habeas petition raises the same arguments as asserted on direct appeal.  Petition

[1]. Because he has exhausted all state remedies, petitioner is entitled to seek habeas relief in this

court.

## ANALYSIS

**A.     Standard of Review**

A habeas corpus petition may not be granted with respect to any claim that was

adjudicated on the merits in state court unless the state court's adjudication of that claim was

either "contrary to, or involved an unreasonable  application of, clearly established Federal law,

as determined by the Supreme Court of the United States", or was "based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding".  28

U.S.C. § 2254(d)(1), (2).[3] The state court's "determination of a factual issue . . . shall be

presumed to be correct. The applicant shall have the burden of rebutting the presumption of

correctness by clear and convincing evidence".  28 U.S.C. § 2254(e)(1).


**B.     Propriety of the Jury Charge**

        A jury charge violates due process where "'there is a reasonable likelihood that

the jury has applied the challenged instruction in a way' that violates the Constitution" Estelle v.

McGuire, 502 U.S. 62, 72 (1991).  Because I must determine "'whether the ailing instruction by

itself so infected the entire trial that the resulting conviction violates due process'", the

challenged jury instruction "must be considered in the context of the instructions as a whole and

the trial record". Id.  Thus, "[i]n order to obtain a writ of habeas corpus in federal court on the

ground of error in a state court's instructions to the jury on matters of state law, the petitioner

must show not only that the instruction misstated state law but also that the error violated a right

guaranteed to him by federal law." Casillas v. Scully,  769 F.2d 60, 63 (2d Cir. 1985).  "Any

instruction that shifted or reduced the prosecution's burden below that of proof beyond a

reasonable doubt would be unconstitutional."  Cortijo v. Bennett, 2010 WL 2079711, *9

---

      [3]        "'[C]ontrary to' and 'unreasonable application' clauses have independent meaning. . . . A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. . . . The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. . . . The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed . . . that an unreasonable application is different from an incorrect one." Bell v. Cone,  535 U.S. 685, 694 (2002).

(S.D.N.Y. 2010) (*citing* <u>Sullivan v. Louisiana</u>, 508 U.S. 275, 277 (1993)). "A court, however, need not definitively find that a jury instruction shifted the burden. . . . Instead, a jury instruction is unconstitutional if there was a *reasonable likelihood* that the jury understood" the instruction to shift or reduce the prosecution's burden of proof.  <u>Id</u>. (*citing* <u>Estelle</u>, 502 U.S. at 72)(emphasis in original).

> In charging the jury, the court gave the following instruction:
>
> "Your possible verdicts in this case are as follows:
>
> With respect to count one of the indictment which charges the defendant with insurance fraud in the fourth degree, you may find the defendant either guilty or not guilty.
>
> With respect to count two of the indictment, that which charges the defendant with attempted grand larceny in the fourth degree, you may find the defendant either guilty or not guilty.
>
> Because of the fact that the evidence in these cases is so similar and applies to either charge, if you find the defendant not guilty on one charge, it would be inconsistent to find him guilty on the other charge.  However, you could find him guilty on both charges.  I mean, it's your decision. But I'm just saying to you that because of the way the evidence has been adduced with respect to these charges that you can't find him not guilty on one and guilty on the other" (R705-706).
>
> The parties have suggested two opposing interpretations of the instruction.

Petitioner argues that the court "erroneously instruct [*sic*] the jury that it could not find [petitioner] *guilty* of one court and not guilty of the other count" (Petition [1], Ground 1 (emphasis added)), thereby "thrust[ing] upon the jury an 'all or nothing' decision." Petitioner's Memorandum of Law [6], p. 3.  Respondent argues that this is a mischaracterization of the court's charge, which instructed the jury that if they found petitioner *not guilty* on one count, it

would be inconsistent to find him guilty on the other court. Respondent's Memorandum [4], p. 4. "The Respondent submits that given the proof in this case, the court's charge was correct." Id. I agree with respondent.

"A person is guilty of grand larceny in the fourth degree when he steals property and when . . . [t]he value of the property exceeds one thousand dollars". Penal Law § 155.30(1). "A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." Id., §110.00. "A person is guilty of insurance fraud in the fourth degree when he commits a fraudulent insurance act and thereby wrongfully takes, obtains or withholds, or attempts to wrongfully take, obtain or withhold property with a value in excess of one thousand dollars." Id., § 176.15. "A fraudulent insurance act is committed by any person who, knowingly and with intent to defraud presents . . . any written statement as part of . . . a claim for payment or other benefit pursuant to an insurance policy . . . which he knows to: (i) contain materially false information concerning any fact material thereto; or (ii) conceal, for the purpose of misleading, information concerning any fact material thereto". Id., § 176.05(1).

I agree with petitioner that "[a] simple reading of the relevant statutes demonstrates that Insurance Fraud in the Fourth Degree contains an element not present in Attempted Grand Larceny in the Fourth Degree, that is, a 'fraudulent insurance act.'" Petitioner's Memorandum of Law [6], p. 4.[4]  However, both charges arise from a single set of facts, namely, petitioner's submission of a false insurance claim.  Even though the element of a fraudulent

---

[4]     Because petitioner's Memorandum of Law is not paginated, I have used CM/ECF numbering.

insurance act is only required for the insurance fraud count, petitioner's alleged submission of a false insurance claim is the sole factual basis supporting the  attempted grand larceny count. Therefore, while the elements of the crimes do not overlap, it would have been inconsistent for the jury to reach differing verdicts on the two counts. Because I find that the court's jury instruction was correct, I recommend that this aspect of the petition be denied.[5]

Alternatively, respondent argues that even if the jury instruction was erroneous, such error was harmless "because the jury was told that an acquittal on either charge would be inconsistent with a conviction on the other charge, a benefit to the petitioner".  Respondent's Memorandum [4], p. 5.  In this regard, I disagree with respondent.

"The burden of establishing harmlessness is on the government."  United States v. Quattrone, 441 F.3d 153, 181 (2d Cir. 2006).  Assuming that the "all or nothing" jury instruction was improper, such error would not be harmless, as it would have diminished the prosecution's burden of proving every element of the charged offense by allowing the jury to find petitioner guilty on one count simply by finding that he was guilty on the other count.  "The Due Process Clause requires that the prosecution in both state and federal cases prove all elements of a criminal offense, and persuade the factfinder of the facts necessary to establish those elements, beyond a reasonable doubt . . . .  A verdict following jury instructions that have reduced this burden is automatically invalid . . . .  Thus, a jury instruction that is constitutionally deficient

---

[5]        "Although the federal courts may allow apparently inconsistent criminal verdicts to stand . . . under New York state law the verdict must be legally consistent when viewed in light of the elements of each crime as charged to the jury." Bernardo v. Senkowski, 2004 WL 1661099, *12 (S.D.N.Y. 2004).

because it reduces the prosecution's burden or shifts the burden to a defendant cannot be

harmless error." <u>Cortijo</u>, 2010 WL 2079711 at *6 (<i>citing</i> <u>Sullivan</u>, 508 U.S. at 277-78, 81).


**C.      Failure to Corroborate Mr. Gualano's Testimony**

    In rejecting this argument, the Appellate Division held that "[d]efendant failed to

preserve for our review his contention that the People failed to present evidence to corroborate

the testimony of the accomplice . . . and, in any event, that contention is without merit".

<u>Waldriff</u>, 46 A.D.3d at 1449.

    "New York's contemporaneous objection rule to preserve appellate review, New

York Criminal Procedure Law § 470.05(2), is an adequate and independent state procedural rule

precluding review." <u>Brown v. Walsh</u>, 2009 WL 3165712, *4 (N.D.N.Y. 2009).  "[A] petitioner

may only seek <i>habeas</i> review if he shows 'cause for default and prejudice resulting therefrom.' "

<u>Wright v. Conway</u>, 2009 WL 2982978, *8 (N.D.N.Y.2009) (<i>quoting</i> <u>Levine v. Commissioner of

Correctional Services</u>, 44 F.3d 121, 126 (2d Cir.1995)) (emphasis in original).  Therefore, I find

petitioner's claim to be procedurally defaulted, and he has failed to demonstrate any cause for the

default or prejudice arising from it.

    Even if petitioner's claim was not procedurally defaulted, I would find that it is

not a cognizable basis for habeas relief because "[a]ccomplice corroboration is a matter of state

law and provides no basis for federal habeas review." <u>Scott v. Unger</u>, 2010 WL 3241825, *13

(W.D.N.Y. 2010)(Telesca, J.).  Therefore, I recommend that this aspect of the petition be denied.

**D.**     **Legal Sufficiency of the Evidence**

Petitioner maintains a "'very heavy burden'" in challenging the legal sufficiency of the evidence underlying his conviction.  <u>Knapp v. Leonardo</u>, 46 F.3d 170, 178 (2d Cir. 1995), <u>cert</u>. <u>denied</u>, 515 U.S. 1136 (1995).  He "is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."  <u>Jackson v. Virginia</u>, 443 U.S. 307, 324 (1979).  "[T]his inquiry does not require a court to 'ask  itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'. . .  Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  <u>Id</u>. at 318-19 (emphasis in original).

First, petitioner argues that "[t]he proof was insufficient to prove that the value of the property in question was in excess of one thousand dollars.  The only testimony offered with respect to valuation was the estimates allegedly provided to the body shops.  However, there was no credible evidence establishing the monetary difference between the damages caused by the supposedly legitimate accident and the extra damages caused by what the People argued was the additional damage caused to the vehicles."  Petition [1], Ground Three. I disagree.

Mr. Gualano, a body shop repairman with over twenty years of experience, testified that he did not strike the blinkers or headlights of either vehicle and that the doors to petitioner's vehicles did not require replacement when he viewed the vehicles immediately

following the accident (R427-428).  In conjunction with Mr. Gualano's testimony, the

prosecution introduced the estimates from Schmidt's Auto Body submitted by petitioner

demonstrating that the cost to replace the doors and blinkers and headlights alone exceeded

$1,000.  Respondent's Brief on Appeal, Appendix B.

       Petitioner also argues that there was insufficient evidence that he "committed

fraud; that he caused additional damage to the vehicle; or that he intended to wrongfully deprive

the insurance company of property that was not due to him".  Petition [1], Ground Three.

However, petitioner's argument wholly ignores Mr. Gualano's testimony that petitioner admitted

to him that he caused additional damage to the vehicles (R433).  While petitioner may find Mr.

Gualano's testimony to be incredible, I must  "'resolve all issues of credibility[ ] in favor of the

jury's verdict.'"  United States v. Reyes, 157 F.3d 949, 955 (2d Cir.1998).

       The habeas petition further alleges that  there was no proof that he "presented or

caused to be presented a 'written statement' that was 'materially false'".  Petition [1], Ground

Three. Although respondent challenged the merits of this claim (respondent's memorandum of

law [4], pp. 6-7), petitioner's response fails to address it [6].

       Even if this is not considered an abandonment of the claim, I would deny it on its

merits.   An element of insurance fraud in the fourth degree (Penal Law §176.15) is that a person

commit a fraudulent insurance act, which "is committed by any person who, knowingly and with

intent to defraud presents, *causes to be presented*, or prepares with knowledge or belief that it

will be presented to or by an insurer . . . *any* written statement as part of, or in support of . . .a

claim for payment or other benefit pursuant to an insurance policy . . . which he knows to: (i)

contain materially false information concerning any fact material thereto; or (ii) conceal, for the

-10-

purpose of misleading, information concerning any fact material thereto." Penal Law 176.05(1)

(emphasis added)

   As explained by Judge Broderick in his October  24, 2006 Decision and Order

denying petitioner's post-trial motion to set aside the verdict, "the evidence sufficiently

demonstrated that [petitioner] caused Schmidt's Auto to obtain the Expert Paint estimate of

damages intending that the insurance company rely upon those fraudulent documents in

approving the insurance payment.  Such satisfies the statutory requirements."  Respondent's

Appellate Brief, Ex. A.   Therefore, I recommend that this aspect of the petition be denied.


### E.  Certificate of Appealability

   For a Certificate of Appealability to issue, the petitioner must make a "substantial

showing of the denial of a constitutional right ." 28 U.S.C. § 2253(c)(2).  To make the required

"substantial showing", the petitioner must establish that "'reasonable jurists could debate

whether . . . the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further.'"  Rhagi v. Artuz, 309

F.3d 103, 106 (2d Cir. 2002) (per curiam), cert. denied, 538 U.S. 950 (2003).  Petitioner has

made no such substantial showing of the denial of a constitutional right in this case.

Accordingly, I recommend that a Certificate of Appealability not be issued.


### CONCLUSION

   For these reasons, I recommend that the petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 be denied.  Because petitioner has failed to make a substantial

showing of a denial of a constitutional right, I also recommend that  a Certificate of Appealability

not be issued.

Unless otherwise ordered by Judge Arcara, any objections to this Report and

Recommendation must be filed with the clerk of this court by April 15, 2011 (applying the time

frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this

deadline must be made to Judge Arcara.  A party who "fails to object timely . . . waives any right

to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir.

1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments,

case law and/or evidentiary material which could have been, but were not, presented to the

magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal

Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local

Rules of Civil Procedure, written objections shall "specifically identify the portions of the

proposed findings and recommendations to which objection is made and the basis for each

objection . . . supported by legal authority", and must include "a written statement either certifying

that the objections do not raise new legal/factual arguments, or identifying the new arguments and

explaining why they were not raised to the Magistrate Judge".  Failure to comply with these

provisions may result in the district judge's refusal to consider the objections.

**SO ORDERED**.

Dated:  March 29, 2011

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge